Affirmed and Memorandum Opinion filed January 6, 2004
















Affirmed and
Memorandum Opinion filed January 6, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00192-CR

_______________

 

HENRY ALFRED THOMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 919,827

_________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Henry Alfred Thomas appeals a
conviction for aggravated robbery[1] on
the grounds that he was denied: (1) the right to confront a key State witness
regarding her possible bias; and (2) effective assistance of counsel.  We affirm.

Limited
Cross Examination

            Appellant’s first point of error
contends that the trial court violated his right to confrontation and Texas Rule
of Evidence 613(b)[2] by
refusing to allow him to question Kathy Martinez, an identification witness,
about her incarceration to show bias, motive, or pressure that affected her
testimony.  Although Martinez’s
incarceration was not related to a prosecution against her, but solely pursuant
to a material witness bond to assure her appearance at appellant’s trial,
appellant asserts that Martinez could have
nevertheless been biased in believing that how she testified could affect her
incarceration.

            A primary interest secured under the
Confrontation Clause[3] is a
criminal defendant’s right of cross-examination over all matters reasonably
calculated to expose the jury to facts from which they can draw inferences
regarding the accuracy and truthfulness of a witness’s testimony, including his
motivation for testifying and other potential biases.[4]

            In this case, there is no evidence
that Martinez had any
matters pending with the State that could have provided a motive for her to
testify in its favor.  In addition, outside
the presence of the jury, she testified that: (1) she was not influenced to
testify in a certain way because she had been in jail; (2) she understood she
would be released after trial no matter how she testified; and (3) the
prosecutor had never threatened her or made any deal or promises to her
conditioned on her testimony.  The
prosecutor similarly stated that a material witness bond had been placed on Martinez because
she could not be located previously, and that there was no deal with her.  Under these circumstances, we have no basis
to conclude that evidence of Martinez’s
incarceration could have reflected adversely on her credibility.  Accordingly, appellant’s first issue is
overruled.

Ineffective
Assistance of Counsel 

            Appellant’s second issue contends
that he was denied effective assistance of counsel by his trial counsel’s
failure, during the punishment phase of trial, to object to inadmissible
hearsay testimony regarding another similar robbery that linked him to the
charged offense.

            The Sixth Amendment guarantee of
effective assistance of counsel to criminal defendants is denied when a defense
attorney’s performance falls below an objective standard of reasonableness and
thereby prejudices the defense.  Yarborough v. Gentry, 124 S. Ct. 1, 4
(2003); Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003). 
However, ineffective assistance claims must be affirmatively
demonstrated in the record.  Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  To
overcome the presumption that a challenged action or omission might be
considered sound trial strategy, the record must ordinarily reflect the reasons
why counsel took, or failed to take, the action.  See Rylander,
101 S.W.3d at 110-11.  To establish
ineffective assistance for failing to object to evidence, an appellant must
establish that the evidence was inadmissible.  See Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002), cert. denied, 123 S. Ct. 1901
(2003).

            In this case, appellant did not file
a motion for new trial or otherwise develop a record reflecting his counsel’s
reason(s) for not objecting to the evidence, so as to rebut the presumption of
sound trial strategy and establish deficient performance by his counsel.  In addition, appellant has failed to
demonstrate a probability that, but for counsel’s alleged error, the result of
the proceeding would have been different. 
The evidence did not affect appellant’s conviction, as the jury had
already found him guilty of aggravated robbery with a firearm.  Moreover, the jury’s sentence of only 20
years without a fine was at the low end of the possible range of punishment, as
enhanced by his prior conviction (15 to 99 years or life imprisonment and a
fine up to $10,000).  There is thus no indication
that any failure to object to the extraneous offense evidence (if even
inadmissible) caused appellant harm. 
Because appellant’s second issue fails to establish ineffective
assistance of counsel, it is overruled, and the judgment of the trial court is
affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 6, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).











[1]           A jury convicted appellant of
aggravated robbery and sentenced him to twenty years confinement.





[2]           See Tex. R. Evid. 613
(describing the procedure for impeaching a witness by proof of circumstances or
statements showing bias or interest on the part of such witness). 





[3]           See U.S. Const. amend. VI; Tex. Const. art. I, § 10.





[4]           Davis v. Alaska, 415 U.S. 308,
315-18 (1974); Lopez v. State, 18
S.W.3d 220, 222 (Tex. Crim. App. 2000); Hoyos v. State,
982 S.W.2d 419, 420-421 (Tex. Crim. App. 1998).