GEORGE NARSINGLE v. THE STATE.

No. 6941.  Decided May 3, 1922.

**1.—Delinquent Child—Charge of Court—Forgery—Practice on Appeal.**

Where, upon trial of being a delinquent child, the court's charge was excepted to on the ground that there was in the same no definition of forgery or passing a forged instrument, the same need not be considered, as the case is reversed and remanded on another ground.

**2.—Same—Circumstantial Evidence—Charge of Court—Requested Charge.**

Where the court failed to charge on circumstantial evidence, in the instant case on passing a forged instrument, the judgment must be reversed and the cause remanded, the court having only charged on the question of forgery; a proper requested charge having been submitted at the proper time.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of forgery; penalty, confinement for one and three-fourths years in the State Training School.

The opinion states the case.

*Morrow & Stollenwerck,* for appellant.—Cited Nicholas v. State, 44 S. W. Rep., 1092; Carrell v. State, 184 id., 191; Feeney v. State, 124 id., 945.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of being a delinquent child in the Distrcit Court of Hill County, and his punishment assessed at confinement for one and three-fourths years in the State Training School for Negro Boys.

The complaint and ·information charged that appellant was a delinquent child in that being under seventeen years of age, he did at various times during September, 1921, commit felonies by forging the names of W. M. Fowler, E. W. Crow, A. L. Finch and H. C. Finch to certain checks, and by passing such checks knowing them to have been forged.

The court's charge was excepted to on the ground that there was in same no definition of forgery or passing a forged instrument. We are of opinion that the language used by the court in the charge might be construed as sufficiently broad to obviate the necessity for such definitions, but in view of the fact that the case must be reversed for another error, we would suggest that upon another trial such definitions be given.

Appellant excepted to the failure of the court to instruct the jury the law of circumstantial evidence, and in addition to such exception presented to the court a special charge applying the law of circumstantial evidence to the entire case. This special charge is set out in a bill of exceptions appearing on pages 34 and 35 of the transcript. · This charge was by the court refused, but another special charge applying the law of circumstantial evidence to the question of forgery alone, was given. In our opinion an application of the law of circumstantial evidence to the question of the forgery alone, was not sufficient. From the statement of facts it appears that no one testified as to who forged the checks passed by appellant, nor did anyone testify to any fact from which appellant's knowledge of the false and fraudulent character of the checks passed by him, might be inferred save the naked fact of his possession and passing of said checks. It is hence obvious that the guilt of appellant of passing forged instruments was also necessarily dependent upon circumstantial evidence. It is manifest that where one passes a forged check and is put upon trial for such crime, and there is no direct evidence bringing home to him knowledge of the false and fraudulent character of the alleged forged instrument, such knowledge would be only an inference or a deduction. The law of passing forged instruments is only applicable to one who so passes them knowing them to be false and forged. The fact of knowledge is one essential to be proved either by direct or circumstantial evidence. We regard the failure to instruct the jury upon the law of circumstantial evidence as applicable to the whole case, to be so erroneous as to require a reversal of this case.

We have carefully examined appellant's motion to quash and find ourselves unable to agree with any of the contentions therein set forth.

Nor do we perceive error in any of the other matters complained of except that above mentioned.

For the error above mentioned, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*