Eugenio **CASTANUELA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41493.

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Sawtelle, Goode, Troilo, Davidson & Leighton, by Terry Topham, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is an out of time appeal by appellant from a conviction for passing as true a forged instrument in writing.

In 1960 appellant was convicted in Criminal District Court No. 2 of Bexar County (now the 175th Judicial District Court) of passing as true a forged instrument. His punishment was fixed at life imprisonment, being enhanced under Art. 63, P.C., by reason of three prior convictions for felony offenses less than capital.

On an original appeal the judgment of conviction was affirmed by this court in Castanuela v. State, 171 Tex.Cr.R. 173, 346 S.W.2d 332.

Thereafter, in 1967, appellant filed a petition for writ of habeas corpus pursuant to Art. 11.07, C.C.P., in the said 175th Judicial District Court, alleging that he was without the assistance of counsel on the appeal and that he was indigent at the time. The trial judge certified his findings of fact and conclusions of law supporting the appellant's allegations in the petition to this court, which court in an opinion delivered February 28, 1968, authorized the trial court to "appoint counsel on appeal and afford the applicant a delayed or out of time appeal to this Court with benefit of counsel." Ex parte Castanuela, 435 S. W.2d 145.

Pursuant to such order, appellant was again brought before the 175th Judicial District Court of Bexar County and after appointment of counsel to represent him was afforded a delayed or out of time appeal.

In his brief, appellant insists that the evidence is insufficient to show that he knew the check to be a forgery at the time he passed it.

The testimony of Justo Guajardo, Jr., a witness for the state shows that he knew the appellant for twelve years approximately, and identified him at the trial as being the same person who passed a check to him on June 4, 1960, in the sum of $75, payable to "Eugenio Castanuela," signed "H. L. Green, Director, Texas Surplus Property Agency, Administrative Imprest Fund," and drawn on the Northside State Bank, San Antonio, Texas. The witness Guajardo further identified a check at the trial as the same check passed to him by the appellant, who endorsed it in his presence, and for which he paid appellant the amount of the check in money. Said check was then introduced in evidence and numbered state's exhibit #5.

The witness Rogene Green, an employee of the Texas Surplus Property Agency, stated, after examining state's exhibit #5, that it was not signed by any person authorized to sign checks on the agency's bank account. She further stated that several blank checks had been stolen from the office between June 2 and June 6, 1960, and that state's exhiibit #5, was one in a series of numbers of the blank checks missing.

The witness Guajardo identified the appellant and the check at the trial and stated that appellant endorsed the check in his presence and passed it to him and that he asked appellant at the time he endorsed the check to also write his address thereon, which he did, and after the check was returned to him unpaid he determined that the address given was not that of the appellant.

As shown in our opinion on the original appeal, appellant did not testify or offer any evidence in his behalf.

Considering the state's evidence in its strongest light, we are unable to agree with appellant's contention that it fails to show he knew the check to be a forgery at the time he passed it.

The fact that appellant cashed the forged check in question and endorsed his

name thereon, with an incorrect address, is sufficient to warrant the jury's conclusion that he knew the check was a forgery when he passed it. Hughes v. State, 163 Tex.Cr.R. 575, 294 S.W.2d 846.

Appellant's possession and passing of the forged check as a circumstance against him, and, together with the other facts and circumstances, is sufficient to support the conviction. Morgan v. State, 82 Tex.Crim.R. 615, 201 S.W. 654.

The judgment is affirmed.

ONION, J., not participating.