**Humberto Almazo HOYOS, Appellant,**

v.

**The STATE of Texas.**

**No. 0050–98**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1998.

Judith Martin Prince, Houston, for appellant.

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

### OPINION

KELLER, J., delivered the opinion of the Court in which McCORMICK, P.J., and MEYERS, MANSFIELD, PRICE, HOLLAND and WOMACK, JJ., joined.

The issue in the present case is whether the Confrontation Clause of the Sixth Amendment was violated when the trial court excluded evidence regarding the anticipated filing by the complainant against a third party of a civil lawsuit for damages arising from the crime being prosecuted.[1] Appellant contends that the anticipated civil claim was relevant to show the complainant's bias as a witness. While we agree that a complain-

1. We dismiss appellant's other two grounds for review as improvidently granted.

ant's civil claim against a third party may be relevant, under the proper circumstances, to show the complainant's bias, we hold that appellant failed to demonstrate at trial the relevance of the proffered testimony.

## I.

The complainant, a fifty-eight year old woman, lived in an apartment. On November 17, 1994, four men forced entry into the apartment and assaulted various family members. One of the men demanded money, hit the complainant with a revolver several times, threatened to kill her, and shot her once in the thigh. Appellant was later arrested and tried for aggravated robbery. The complainant identified appellant as one of the robbers, and he was convicted and sentenced.

During trial, appellant attempted to introduce evidence that the complainant had hired an attorney to file a civil lawsuit against her apartment complex for failing to maintain effective security. The trial court expressed doubt concerning the admissibility of the proffered evidence because appellant would not be named in the lawsuit. The trial court opined that the lawsuit might nevertheless be relevant if appellant were contesting the occurrence of the crime itself, but the court remarked that appellant was contesting only the complainant's identification of him as one of the perpetrators. Under those circumstances, the trial court reasoned, the outcome of appellant's criminal trial was irrelevant to the outcome of the civil lawsuit: the identity of the perpetrator of the crime had no bearing upon whether the apartment complex failed to maintain adequate security to prevent the crime (whoever the perpetrator may have been). Hence, the lawsuit gave the complainant no incentive to testify at the criminal trial that appellant was among the perpetrators.

The trial court, however, deferred its decision on the issue for one day in order to give appellant and the State the opportunity to present authorities. The trial court further

commented that there is "[n]o reason to show me authority if she was going to file suit against the person on trial. I agree under those circumstances it's probably a legitimate inquiry." After brief argument the next day, the trial court excluded the evidence "based upon the record thus far." During the discussions on these two days, appellant never contended that the complainant would or might name him as a party to the civil lawsuit, and appellant never contended that he was contesting whether the complainant was in fact robbed and assaulted. In fact, appellant articulated no reason for believing the civil lawsuit would cause the complaining witness to be biased in her testimony in the criminal case. Appellant's position apparently was that bias could be inferred from the mere fact that the complainant contemplated a civil lawsuit based upon the events giving rise to the criminal prosecution. Appellant made no further attempts to offer the evidence at trial. During a hearing on his motion for new trial, appellant elicited some evidence that he contends shows that the civil lawsuit was relevant to proving the complainant's bias.[2]

Relying, among other things, upon this Court's decisions in *Shelby v. State*, 819 S.W.2d 544 (Tex.Crim.App.1991) and *Cox v. State*, 523 S.W.2d 695 (Tex.Crim.App.1975), the Court of Appeals affirmed the conviction for essentially the same reasons articulated by the trial court. Relying in part upon *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and upon our decisions in *Shelby*, *Carroll v. State*, 916 S.W.2d 494 (Tex.Crim.App.1996), and *Blake v. State*, 365 S.W.2d 795 (Tex.Crim.App. 1963), appellant contends that the courts below erred in finding the evidence to be irrelevant to show bias.

## II.

Without question, a witness' bias is a relevant issue at trial, and the Confrontation Clause gives a criminal defendant the right to explore potential biases of an accus-

---

**2.** This evidence consists of statements by the complainant's attorney that a criminal conviction could help or hurt a civil lawsuit concerning the same underlying conduct. Also present in the new trial hearing record is a recantation by one of the State's witnesses that places into issue whether the crime actually occurred.

ing witness through cross-examination. *Davis*, 415 U.S. at 316, 94 S.Ct. 1105. "A defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias, or interest for the witness to testify." *Carroll*, 916 S.W.2d at 497. We have held that "[t]he fact that a witness has brought a civil suit against *the defendant* growing out of the same incident is admissible as tending to show interest and bias." *Cox*, 523 S.W.2d at 700 (emphasis added). The question remains whether, and under what circumstances, evidence of a complainant's civil suit against a *third party* is relevant to show bias.

■ Appellant relies upon *Shelby* and *Blake* for the proposition that *any* lawsuit by a complainant based upon the same occurrence as the alleged offense is relevant to show bias. His reliance upon those cases is misplaced. *Blake* is clearly distinguishable because the defendant in that case was a party to the civil lawsuit. 365 S.W.2d at 796. *Shelby* requires a little more discussion.

In *Shelby*, the defendant was on trial for sexually assaulting a child under the age of fourteen. 819 S.W.2d at 548. The child told his mother that the defendant—who was employed by the apartment complex in which they lived to clean its swimming pools—had pulled complainant's clothes off, touched his private parts, and penetrated his anus with a finger. *Id.* The State offered the mother's testimony as an outcry witness but offered no independent medical evidence to corroborate the child's story. *Id.*[3] The defendant attempted to introduce evidence of a pending lawsuit for damages by the complainant's mother against the apartment complex, but the trial court excluded the evidence. *Id.* at 545. In a previous, unpublished opinion, we had held that the trial court's action improperly limited the scope of appellant's cross-examination. After discussing our previous opinion, we proceeded to conduct a harm analysis.

Aside from being concerned with the appropriate harm analysis rather than with whether a Confrontation Clause error oc-

curred, we find *Shelby* distinguishable in a couple of respects. First, the record in *Shelby* showed that the defendant was employed by the apartment complex. Because of that employment relationship, identifying the perpetrator as the defendant may have given rise to theories of liability that would not exist if the assailant were not affiliated with the apartment complex and may have increased the likelihood of success in the civil litigation. No evidence in the record shows any such similar relationship between appellant and the apartment complex in the present case.

Second, given the nature of the crime and the lack of physical evidence, one can reasonably conclude from a reading of *Shelby* that the occurrence of the sexual assault was a contested issue at trial. Because the complainant's mother would have needed to establish that a sexual assault had occurred to prevail in the civil lawsuit, the outcome of the criminal action was likely to have an effect on the pending civil case. The present case, by contrast, contained both impressive physical evidence (gunshot to the thigh) and the absence of any attempt to deny the occurrence of the crime—even in the face of comments by the trial judge during arguments that highlighted the issue.

In summary, the record before the trial court at the time the evidence was excluded contains no indication that (1) appellant was a contemplated party to the anticipated lawsuit, (2) a relationship existed between appellant and the apartment complex, (3) a fact issue existed concerning the occurrence of the crime, or (4) there was any other reason to believe that the lawsuit might cause the complainant to be biased in her testimony at the criminal trial. The reasoning of the trial court and the Court of Appeals is correct. Conviction of appellant for the crime would not further complainant's objectives in the civil lawsuit. The success of the civil lawsuit depends upon proving that a crime occurred as a result of the apartment complex's negligence. Neither the occurrence of the crime nor the apartment complex's negligence were

---

**3.** The complainant and an aunt also testified for the State. Neither the mother nor the aunt witnessed the sexual assault. The child's mother and aunt had both initially expressed disbelief in the child's story. *Id.*

issues in the criminal prosecution. The issue in the criminal case was the identity of the perpetrator—an issue of no consequence to the civil litigation. Absent one of the four factors listed above, the lawsuit did not give rise to an inference of bias.

■ As for appellant's citation to evidence elicited during the motion for new trial hearing, that evidence does not impact the validity of the trial court's ruling at trial. In determining the validity of a trial court's decision to exclude evidence, we examine the record as it appeared at the time of the trial court's ruling. *Currie v. State*, 692 S.W.2d 95, 97–98 (Tex.Crim.App.1985). Because the record at the time of the ruling did not show the relevance of the anticipated lawsuit, the trial court did not err in excluding the evidence.

The judgment of the Court of Appeals is affirmed.

OVERSTREET, J., dissents.

BAIRD, J., filed a dissenting opinion.

Although we granted three grounds for review, the majority addresses only the first ground for review which asks whether the Court of Appeals correctly concluded appellant's right of confrontation was not violated when the trial judge prohibited appellant from cross-examining the complainant about a civil suit for damages arising out of the instant criminal case. The majority dismisses both the second ground for review which asks whether the Court of Appeals correctly held appellant's right of confrontation was not violated when the trial judge prohibited cross-examination regarding the complaining witness' deferred adjudication status, and the third ground for review which asks whether the Court of Appeals correctly held the trial court did not err in denying appellant's motion for new trial based upon the recantation of a material witness.

Believing the majority erroneously holds appellant failed to demonstrate how the proffered testimony regarding the a potential civil claim against the owner of the apart-ment complex was relevant to show the complainant's bias, motive or interest in testifying for the State, and believing the facts of the present case indicate complainant's deferred adjudication status provided bias, motive or interest for the complainant to testify against the accused, thereby making appellant's second ground for review meritorious, I dissent.[1]

### I.

The Confrontation Clause of the United States Constitution guarantees the accused an adequate opportunity to cross-examine adverse witnesses. *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347, 353–54 (1974). Cross-examination is the principle means of testing a witness' credibility, and the truthfulness of his testimony. *Id.* This Court has held the scope of cross-examination encompasses all facts and circumstances tending to show that a witness may shade his testimony for the purpose of helping to establish only one side of the case. *Carroll v. State*, 916 S.W.2d 494, 497–498 (Tex.Cr.App.1996).

In the instant case, appellant told the trial court, at two separate hearings, he wanted to cross-examine the complainant about three matters that demonstrated the complainant's bias, motive and interest in testifying against him: the fact complainant hired an attorney to file a civil law suit; the fact complainant was on deferred adjudication for a narcotics offense and presently under police surveillance for narcotics use; and, the fact complainant has a criminal history of narcotics abuse. All of these issues, taken as a whole, were designed to bolster the defense's theory that the alleged aggravated robbery of the complainant was first, not committed by appellant (identity of the perpetrator was an issue at trial), and second, was a drug related incident. The trial judge prohibited all lines of questioning.

### A. The Civil Suit

In *Shelby v. State*, No. 491–87 (Tex.Cr. App. *delivered* January 24, 1990) (Not pub-

---

1. In proper deference to the role of trial judge as the sole trier of fact at a hearing on a motion for new trial, I concur with the majority's decision to dismiss the third ground for review as improvidently granted.

lished) (Slip. op. at pg. 5), this Court held a complainant's *civil law suit,* resulting from the alleged criminal offense, is an appropriate subject of cross-examination to expose the complainant's potential bias, motive or interest in testifying for the prosecution, and the trial court's limitation of such cross-examination was error. This Court subsequently issued a second opinion, *Shelby v. State,* 819 S.W.2d 544 (Tex.Cr.App.1991), wherein we could not "... conclude beyond a reasonable doubt that the denial of the appellant's fundamental right to cross-examination guaranteed by the Confrontation Clause of the Sixth Amendment was harmless."

The majority attempts to distinguish *Shelby,* 819 S.W.2d 544 (Tex.Cr.App.1991), on two primary bases. First, they argue *Shelby* focuses exclusively on a harm analysis and does not address the substantive issue presented in the instant case. Ante at 421. While it is true *Shelby,* 819 S.W.2d 544 (Tex. Cr.App.1991), focused on a harm analysis only, the opinion explicitly embraces the holding of the earlier unpublished opinion which, as discussed *supra,* addressed the substantive issue.

Second, the majority argues *Shelby* is distinguishable in that, in *Shelby* the very occurrence of the offense (sexual assault) was at issue.[2] Specifically, the majority's contends in the instant case, the complainant's hiring of an attorney to file a civil suit is of no relevance, because, "the record before the trial court at the time the evidence was excluded contains no indication ... a fact issue existed concerning the occurrence of the crime...." (Ante at 421.) The majority's effort to distinguish *Shelby* on this basis is not convincing and ignores the defense's theory of the case that appellant did not commit the alleged offense, and that it was more likely the incident was drug related.[3] In fact, the majority attempts to bolster its argument the occurrence of the offense is not at issue in the instant case by noting there is ample evidence the complainant was robbed and assaulted. They point to the "gunshot to the thigh" as an example of such evidence. Ante at 421.

The mere fact there is evidence supporting a robbery and assault does not prove the majority's contention there is "no indication ... a fact issue existed in the instant case concerning the occurrence of *the crime.*" Ostensibly, "the crime" refers to "the crime" for which appellant is on trial. In *appellant's* trial for aggravated robbery, the relevant issue was not merely whether complainant was robbed and assaulted but whether *appellant* robbed and assaulted complainant. In regard to this inquiry, appellant raised the issue of identity and there is evidence in the record indicating appellant did not commit the offense.[4] Additionally, appellant raised a fact issue whether the incident (the "aggravated robbery"), which resulted in complainant's injuries, was a drug-related incident. Herein lies the relevance of the civil suit to the facts surrounding appellant's trial for aggravated robbery. Obviously, the complainant cannot recover in a civil negligence suit against the apartment complex for failure to provide security unless she was injured by the lack of security. That is where the complainant's motivation to fabricate the aggravated robbery comes into play. Like *Shelby,* since there is a fact issue as to the occurrence of this crime, and there is an issue as to whether this incident was brought on by complainant's own illegal drug use, the complainant's civil case and her prospective financial gain from the suit are relevant to show complainant might have fabricated the very incidence of a crime to cover the truth that her injuries were really the result of an incident brought about by her own illegal

---

**2.** Therefore, because the *Shelby* civil suit, arising from the sexual assault, could not be won without proof that there was a sexual assault, the *Shelby* civil case provided a motive for the complainant in that case to fabricate that occurrence of the offense. Ante at 421.

**3.** This theory is documented in the record when appellant presented his reasons to the trial court

for wanting to cross-examine complainant regarding the civil suit, her deferred adjudication status, and her criminal history of drug abuse.

**4.** In fact, Manuel Cristales, who later recanted his testimony (in the face of the trial Judge's threats of perjury charges) was the only witness to positively identify the appellant in the photo spread.

drug activity.[5] However likely or unlikely this defense, appellant should have been permitted to cross-examine the complainant regarding the civil suit "to expose to the jury the facts from which jurors ... could appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). As we said in *Shelby,* 819 S.W.2d at 546 "... [a] reasonable jury might have received a significantly different impression of [complainant's] credibility had [appellant's] counsel been permitted to pursue his proposed line of cross-examination." Because the majority holds otherwise, I dissent.

## B. Complainant's Deferred Adjudication Status

Since appellant's theory of the case turned on his assertion he did not commit the offense and his belief the alleged aggravated robbery was probably drug related, it is clear the complainant's deferred adjudication status, for which she was under police surveillance, was relevant to her bias in testifying for the State.

In *Callins v. State,* 780 S.W.2d 176, 196 (Tex.Cr.App.1986) (opinion on court's own motion for reh'g), this Court, relying on *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347, held a witness may be impeached by evidence of a pending deferred adjudication if a showing is made that the witness has testified as a result of bias, motive or ill will emanating from his status of deferred adjudication. *See also, Paley v. State,* 811 S.W.2d 226, 229 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). In *Davis,* the United States Supreme Court held petitioner was denied his constitutional right of confrontation because he was not allowed to impeach a witness on the basis of his juvenile record regarding *probation* for burglary. Critical to the Court's holding, the petitioner in *Davis* was able to show that the witness might have been subject to undue pressure from the police and made his identification of

petitioner under fear of possible probation revocation. This showing by the petitioner overcame the State's asserted interest in preserving the confidentiality of juvenile delinquency proceedings.

In the instant case, appellant explained to the trial judge his desire to cross-examine the complainant about her deferred adjudication status to show that the complainant was testifying as a result of bias, motive or ill will emanating from her status of deferred adjudication because she was under police surveillance for continued narcotics use. Because appellant's theory was that the offense did not occur, and that the complainant received her injuries as a result of her own illegal drug activity, her deferred probation status was relevant as a possible motive for her to allege that she was robbed and assaulted, in an attempt to conceal the incident occurred as a result of her illegal drug use. In fear her deferred probation would be revoked, the complainant could have misrepresented this incident as a crime committed against her (by appellant) rather than as the result of a crime committed by her (illegal drug activity).

Accordingly, appellant laid the necessary predicate to invoke his right of confrontation on the issue of complainant's deferred adjudication status. Because the majority dismissed this ground for review as improvidently granted, I dissent.

## II.

The accused's right to cross-examine the State's witnesses regarding their potential bias, motive or interest in testifying against them is secured by the Constitutional right to confrontation. Considering the facts of this case, and appellant's theory of the case, appellant should have been permitted to expose the potential motives of the complainant to misrepresent this incident as a crime. For one, appellant raised the fact issue as to whether this offense even occurred, indicat-

---

5. Given the facts of this case, as discussed *infra,* appellant should also have been permitted to cross-examine complainant regarding her deferred adjudication status and the fact she was under police surveillance for continued narcotics use. That important fact, considered with the fact complainant was pursuing a civil law suit, certainly raises a question as to the complainant's credibility in that these two factors provide complainant with a motive to misrepresent what could have been a drug related incident, as a crime.

ing the incident might have been the result of the complainant's own illegal drug activity. Clearly, if the complainant was seeking financial gain from her civil suit against the apartment for failure to provide security, she would not recover unless she could prove she was harmed by the lack of security. Thus, it is critical she prove she was robbed and assaulted by appellant. This necessarily makes the civil suit directly relevant to the criminal prosecution.

Second, because appellant's theory was this incident was the result of the complainant's drug activity, he should have been able to show the complainant was on deferred adjudication for a narcotics offense because it shows the complainant has a potential interest in covering up what might have been her own criminal activity by asserting she was the victim of a crime. Appellant should have been permitted to expose the potential motive of the complainant so that the jury would have the necessary tools to assess the complainant's credibility. Because the majority dismissed this ground for review as improvidently granted, and denies appellant his constitutional right to cross-examine the complainant regarding her potential bias, motive or interest in testifying against him, I dissent.