NOS. 12-03-00231-CR
 12-03-00232-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DANIEL E. TUNMIRE,                                      §               APPEAL FROM THE 213TH
APPELLANT
 
V.                                                                          §               JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                          §               TARRANT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Daniel E. Tunmire (“Appellant”) of two counts of failure to comply with the
sex offender registration statute and sentenced him to two concurrent terms of imprisonment for three
years. In two issues on appeal, Appellant contends the trial court committed reversible error by
allowing hearsay evidence of an extraneous offense. We affirm.
 
Background
            Appellant was convicted of indecency by contact with a nine-year-old female child in August
1996 and was sentenced to imprisonment for four years. He was released from prison in 1998. After
his release, Appellant was required, for the rest of his lifetime, to report in person to the local law
enforcement authority designated as his primary registration authority and provide the authority with
his anticipated move date and new address at least seven days prior to relocating. See Tex. Code
Crim. Proc. Ann. art. 62.04 (a) (Vernon Supp. 2004).



            In January 2002, an anonymous caller telephoned Officer Richard Dotson of the Fort Worth
Police Department, informing Dotson that Appellant would be moving from his current residence at
3222 Montague in Fort Worth. Dotson began an investigation that revealed Appellant no longer
resided at the Montague Street address as of March 26, 2002. Appellant was arrested on April 27,
2002 and charged with violating article 62.04 of the Texas Code of Criminal Procedure.
            On May 1, 2002, Appellant updated his registration information with the Fort Worth Police
Department to reflect his relocation to Nell Street. On May 20, 2002, an officer from the North
Richland Hills Police Department informed Dotson that Appellant was not living at the Nell Street
address. Appellant was eventually arrested on August 27, 2002 for failing to report his correct address
in violation of article 62.04.
            Appellant was charged by two separate indictments with two counts of failure to comply with
the sex offender registration statute. He pleaded not guilty to both, and the matter proceeded to a jury
trial. At trial, the evidence revealed that Appellant was not residing at either of the addresses that he
had reported. Further, the evidence showed Appellant never reported he was residing at the Studio
6 Motel in North Richland Hills. The trial court also allowed hearsay testimony that Appellant was
living with his girlfriend named Mary, who was a minor.
            The jury found Appellant guilty as charged. The trial court assessed punishment at two
concurrent terms of imprisonment for three years. This appeal followed. 
 
            Admission of Prejudicial Hearsay Evidence of an Extraneous Offense
            In his first issue, Appellant asserts the trial court erred by admitting hearsay evidence of an
extraneous offense. In his second issue, Appellant asserts that the extraneous offense was more
prejudicial than probative. We will address the issues together.
Standard of Review
            We review the trial court’s decision to admit or exclude testimony under an abuse of discretion
standard. Kelly v. State, 824 S.W.2d 568, 574 (Tex. Crim. App. 1992). An abuse of discretion occurs
when the trial court acts without reference to any guiding rules and principles or acts arbitrarily or
unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In determining
whether a trial court abused its discretion, we review the trial court’s ruling in light of what was before
the trial court at the time the ruling was made. Hoyos v. State, 982 S.W.2d 419, 422 (Tex. Crim. App.
1998). This standard requires an appellate court to uphold a trial court’s admissibility decisions when
they are within the zone of reasonable disagreement. See Montgomery, 810 S.W.2d at 391 (op. on
reh’g). 
Applicable Law
            Hearsay is an out-of-court statement offered at trial to prove the truth of the matter asserted. 
Tex. R. Evid. 801(d). Hearsay is not admissible, absent a rule-based or statutory exception to the
hearsay rule. Tex. R. Evid. 802; see Philpot v. State, 897 S.W.2d 848, 851 (Tex. App.–Dallas 1995,
pet. ref’d). Out-of-court statements are typically excluded because they are not made under the usual
testimonial conditions – oath, personal appearance at trial, and cross-examination – and therefore lack
the conventional indicia of reliability. California v. Green, 399 U.S. 149, 158, 90 S. Ct. 1930, 1935,
26 L. Ed. 2d 489 (1970). Thus, hearsay rules provide assurance that evidence introduced at trial will
be reliable. Smith v. State, 88 S.W.3d 652, 658 (Tex. App.–Tyler 2002, pet. ref’d) (citing Green, 399
U.S. at 155, 90 S. Ct. at 1933.)
            Evidence of extraneous offenses is usually not allowed because an accused may not be tried
for some collateral crime or for being a criminal generally. Williams v. State, 662 S.W.2d 344, 346
(Tex. Crim. App. 1983). However, evidence of extraneous offenses may be allowed to show proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident. See Tex. R. Evid. 404(b).
            Once otherwise inadmissible character evidence is shown to be relevant and admissible under
Rule 404(b), the court must consider whether the evidence should be excluded on grounds
contemplated by Rule of Evidence 403. Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App.
2002). Rule 403 states that, “[a]lthough relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of cumulative evidence.” Tex. R.
Evid. 403. Thus, relevant evidence may be excluded if the tendency of the evidence is to suggest a
decision on an improper basis. Montgomery, 810 S.W.2d at 388-89 (op. on reh’g). Rule 403 requires
exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the
offered evidence and its probative value. Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim. App.
1996). Rule 403 carries the presumption that relevant evidence will be more probative than
prejudicial. Id.
Analysis
            Officer Dotson testified for the State. During his rebuttal testimony, Dotson stated that he
received a call that Appellant was living with a runaway female named Mary, who was a minor. 
Appellant objected that this testimony was “prejudicial hearsay.” The trial court overruled Appellant’s
objection and granted a running objection. Appellant contends that the admission of Officer Dotson’s
testimony was reversible error. The State argues that Appellant “opened the door” to the testimony
when, on cross examination, Appellant’s counsel asked Officer Dotson if he was aware of Appellant
doing anything that was illegal except not reporting his change of address. 
            We agree that Appellant opened the door to rebuttal testimony pertaining to any illegal activity
in which Appellant may have been involved. That does not mean that such testimony is necessarily
invited into evidence in any form, including hearsay. See Kipp v. State, 876 S.W.2d 330, 337 (Tex.
Crim. App. 1994). However, we need not determine whether the admission of Officer Dotson’s
testimony was error because a review of the record indicates that similar testimony was admitted later
without objection.
            Generally, an objection must be made every time inadmissible evidence is offered. Ethington
v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Failure to make the necessary objection risks
waiving the objection. Id. Courts have allowed running objections to eliminate redundant and
disruptive individual objections, promoting an orderly progression of the trial. Sattiewhite v. State,
786 S.W.2d 271, 284 n. 4 (Tex. Crim. App. 1989). But use of the running objections is limited. Id.;
see Goodman v. State, 701 S.W.2d 850, 863 (Tex. Crim. App 1985), overruled in part on other
grounds, Hernandez v. State, 757 S.W.2d 744, 751-52 n. 15 (Tex. Crim. App. 1988) (finding running
objection did not preserve error when other witnesses testified in between the time the objection was
made and the evidence was reintroduced); White v. State, 784 S.W.2d 453, 461 (Tex. App.–Tyler
1989, pet. ref’d) (allowing a running objection to cover the testimony of one witness, but not that of
five subsequent witnesses). Goodman stands for the proposition that “an advocate who lodges a
running objection should take pains to make sure it does not encompass too broad a reach of subject
matter over too broad a time or over different witnesses.” Sattiewhite, 786 S.W.2d at 284 n.4. 
            The record shows that Appellant initiated his running objection during the testimony of Officer
Dotson. However, Appellant’s daughter, Danielle Tunmire, testified after Dotson. She stated that
Mary was Appellant’s girlfriend and that they had been living together since 2001. At the time of trial,
Mary was seventeen years old.


 Later in her testimony, Danielle again stated that Mary lived with
Appellant and that every time she saw Appellant, Mary was with him. Danielle also testified that each
time Appellant moved, Mary moved with him, including when he was staying at the Studio 6 Motel. 
Additionally, Amanda Tunmire, who was also Appellant’s daughter, testified that Mary was living at
the Studio 6 Motel with Appellant. Appellant did not object to either daughter’s testimony. 
            Appellant’s running objection did not apply to the testimonies of Amanda and Danielle. See
Sattiewhite, 786 S.W.2d at 284 n. 4. Consequently, to preserve error, Appellant was required to object
when Danielle and Amanda testified about his relationship with Mary. However, he failed to do so,
thereby waiving the issue. We overrule Appellant’s first and second issues.
 
Disposition
            Having overruled each of Appellant’s issues, we affirm the trial court’s judgment.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered September 8, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.








(DO NOT PUBLISH)