IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1540-07






GARLAND JEROME VENNUS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 


 The State's Petition for Discretionary Review reflects a fundamental
misconception of the mechanics and legalities of a pretrial suppression hearing. 
Unfortunately, the State shows an even greater misunderstanding of the role of the court
of appeals in appellate review of the hearing. However, I do admire its powers of
persuasion in inducing the majority to not only rescue the State from its ignorance, but to
have this Court expand the scope of review of the courts of appeals in dealing with their
analyses of suppression hearings.

 In this Petition for Discretionary Review, the State's position is presented as such: 
"the court below erroneously failed to hold [A]ppellant estopped from complaining that
the trial court abused its discretion by denying his motion to suppress." (1) What this
statement basically presumes is that the court of appeals's authority extended to a review
of the logistics of admissibility and preclusion of the evidence the trial court accumulated
at the suppression hearing. This is simply not the case.

 A legal sufficiency review has always been (up until now) limited to what
evidence the fact-finder relied upon: "an appellate court's review of the record itself is
generally limited to the evidence before the trial court at the time of the trial court's
ruling." Whitehead v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). We may not
expand the record to make the officers' testimony sufficient by imagining what the State
could have shown; and, we "may not re-evaluate the weight and credibility of the record
evidence and thereby substitute our judgment for that of the fact-finder." Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

 Unfortunately, the State did not appreciate the tremendous advantage offered it in
suppression hearings-the Rules of Evidence do not apply. See Tex. R. Evid. 104(a);
Granados v. State, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002). Apparently the
suppression hearing herein was conducted by observing all of the traditional rules
applicable to a trial.

 But the crux of the State's Petition for Discretionary Review is its argument that
the court of appeals erred in not recognizing estoppel based on some concept of invited
error. While I see a lot of what is considered invited error in the record, I only see the
State sending out invitations. It must be remembered that courts of appeals do not review
anything but the evidence supporting the trial judge's ruling. The State's brief to the
court of appeals tells it best: 

 The scope of review of a trial court's evidentiary ruling at a hearing on a
motion to suppress evidence is ordinarily the evidence before the trial court at
the time of the ruling. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App.
2002); Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)
(appellate court must review the trial court's ruling in light of what was before
the trial court at the time the ruling was made); Hoyos v. State, 982 S.W.2d
419, 422 (Tex. Crim. App. 1998); Hardesty v. State, 667 S.W.2d 130, 133 n.
6 (Tex Crim. App. 1984). (2) It is convenient that the majority can evade the limitations of review and
hypothesize with such certainty what could-have-been for the State. As the State
concedes, the morsels of information in the record do not amount to reasonable suspicion. 
Based upon the record alone, I would affirm the court of appeals. Therefore, I
respectfully dissent. 

 Meyers, J.

Filed: April 22, 2009

Publish 
1. See State's Petition for Discretionary Review at 11. 
2. See State's Appellate Brief at 9.