

**NUMBER 13-08-00198-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**LEONARDO RAMIREZ,** 　　　　　　　　　　　　　　**Appellant,**

**v.**

**THE STATE OF TEXAS,** 　　　　　　　　　　　　　　**Appellee.**

---

**On appeal from the 92nd District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Rodriguez**

A jury found appellant, Leonardo Ramirez, guilty of attempted murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1), (2) (Vernon 2003) ("A person commits [the offense of murder] if he (1) intentionally or knowingly causes the death of an individual; [or] (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that

causes the death of an individual."); *see also* TEX. PENAL CODE ANN. § 15.01(a) (Vernon 2003) ("A person commits [the offense of criminal attempt] if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."). The trial court sentenced appellant to life imprisonment. By one issue, appellant contends that the trial court committed reversible error by admitting appellant's written statement at trial. We affirm.

## I. BACKGROUND[1]

Appellant filed a motion to suppress the defendant's written or oral statements contending, among other things, that his written statement had been obtained in violation of article 38.22 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (Vernon 2005).

At the suppression hearing, Ricardo Arredondo, an investigator, testified that when he spoke with appellant, he asked him whether he preferred English or Spanish. Appellant responded, "Whatever language, didn't matter . . . because [I am] not a wetback." Investigator Arredondo proceeded to read the warnings in Spanish and then in English. Investigator Arredondo advised appellant of the following: (1) he had a right to an attorney and if he could not employ one, he had a right to have one appointed to him; (2) he had a right remain silent; (3) anything that he said could be used against him in court; (4) he had a right to an attorney prior to and during the questioning; (5) he had a right to have an attorney appointed to advise him prior to and during any questioning; and (5) he had the right to terminate the interview. Appellant acknowledged that he understood his rights by

---

[1] As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

initialing next to each warning on the Spanish *Miranda* form and next to the English warnings listed on his written statement.

State's exhibits number one and number two were admitted through Investigator Arredondo's testimony. State's exhibit number one included two documents—the *Miranda* warnings in English and the Spanish version of the warnings. Appellant's written statement typed by Investigator Arredondo in English and signed by appellant was admitted as State's exhibit two.

The trial court denied appellant's motions and at trial, admitted appellant's written statement without objection.[2]  Appellant was convicted of attempted murder and was sentenced to life in prison. Appellant filed a motion for new trial, claiming that his statement should not have been admitted because the State did not comply with article 38.22. *See id.*  After a hearing on appellant's motion for new trial, the motion was denied. This appeal ensued.

## II.  ADMISSION OF WRITTEN STATEMENT

### A.  Standard of Review and Applicable Law

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).  We must "review the trial court's ruling in light of what was before the trial court at the time the ruling was made." *Id.*  If the trial court's ruling is correct under any theory of law applicable to the case and reasonably supported by the record, we must uphold the ruling. *Id.*; *Lerma v. State*, 172 S.W.3d 219, 225 (Tex. App.–Corpus Christi 2005, pet. ref'd). "In reviewing a trial court's ruling on a motion to suppress, we give almost total deference to a trial

_____

[2] Appellant does not challenge, on appeal, the admission of his oral statement.

3

court's determination of historical facts, and we review de novo the trial court's application

of the law." *Luna v. State*, 268 S.W.3d 594, 602 (Tex. Crim. App. 2008).

Texas Code of Criminal Procedure article 38.22, section 2 states:

No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by subsection (a) of this section.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2.

## B. Discussion

By his sole issue, appellant contends that the trial court erred in admitting his written

statement.   Specifically, appellant argues that the warnings he received did not

4

substantially comply with article 38.22.  *See id.*  Appellant urges this Court to review the evidence presented at his motion for new trial.  The State counters that, when we review a trial court's decision to admit or exclude evidence at trial, we are only allowed to review the evidence before the trial court at the time that it ruled.  We agree with the State.

As a reviewing court, we must examine the record as it existed at the time of the suppression hearing.  *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000); *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998) ("As for appellant's citation to evidence elicited during the motion for new trial hearing, that evidence does not impact the validity of the trial court's ruling at trial."); *see Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) ("As a general rule, an appellate court reviewing a trial court's ruling on the admission or exclusion of evidence must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled.").  Therefore, we will not consider the evidence appellant presented at his motion for new trial hearing or any evidence not considered by the trial court when it made its ruling.[3]  *See Rangel v. State*, 250 S.W.3d 96, 98 (Tex. Crim. App. 2008) (per curiam) (refusing to "examine the propriety of a trial judge's ruling based on evidence that the trial judge had no opportunity to consider when he made his ruling"); *Hoyos*, 982 S.W.2d at 422; *Reyes v. State*, 69 S.W.3d 725, 736 (Tex. App.–Corpus Christi 2002, pet. ref'd) ("[W]e consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.").

---

[3] We note that appellant does not assert and the record shows that the issue was not re-litigated by the parties at trial.  *See Rachel v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) (providing that when the issue is consensually re-litigated by the parties at trial, the reviewing court may consider relevant testimony).

At the suppression hearing, the State introduced evidence that Investigator Arredondo provided appellant with the warnings required by article 38.22 prior to taking his statement.  *See* TEX. CRIM. CODE PROC. ANN. art. 38.22.  Although appellant told the officers he preferred Spanish, he also stated that it did not matter whether Investigator Arredondo spoke English or Spanish.  Investigator Arredondo testified that he read the warnings listed on appellant's written statement to him.  Appellant's written statement contained the following language:

> I, Leonardo Ramirez, after being duly warned by [Investigator Arredondo], the person to whom this statement is made, that:
>
> > 1.  I have the right to remain silent and not make any statement at all and that any statement I make may be used against me at my trial;
> >
> >  . . .
> >
> > 2.  Any statement I make may be used as evidence against me in court;
> >
> >  . . .
> >
> > 3.  I have the right to have a lawyer present to advise me prior to and during any questioning;
> >
> >  . . .
> >
> > 4.  If I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning;
> >
> >  . . .
> >
> > 5.  I have the right to terminate the interview at any time.
>
> And prior to and during the making of this statement, I knowingly, intelligently and voluntarily waive those rights set forth in this document and having knowingly, intelligently and voluntarily waived those rights, I do hereby make the following free and voluntary statement . . .

6

These are the warnings required by article 38.22. *See id.* Investigator Arredondo also testified that he told appellant to write his initials next to each warning that he understood. Appellant initialed next to each warning in the space provided.

Appellant's written statement followed the acknowledged warnings. Therefore, the face of appellant's statement shows substantial compliance with article 38.22. *See Garcia v. State*, 919 S.W.2d 370, 386 (Tex. Crim. App. 1996) (concluding that the language contained in appellant's voluntary statement clearly contained the warnings required by 38.22). Thus, the evidence at the time the trial court made its ruling demonstrates that it acted within its discretion by denying appellant's motion to suppress his written statement and admitting the statement at trial. We overrule appellant's sole issue.

### III. Conclusion

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 14th day of May, 2009.