NUMBER 13-08-00198-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LEONARDO RAMIREZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 92nd District Court 

of Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Benavides 


Memorandum Opinion by Justice Rodriguez



 A jury found appellant, Leonardo Ramirez, guilty of attempted murder. See Tex.
Penal Code Ann. § 19.02(b)(1), (2) (Vernon 2003) ("A person commits [the offense of
murder] if he (1) intentionally or knowingly causes the death of an individual; [or] (2) intends
to cause serious bodily injury and commits an act clearly dangerous to human life that
causes the death of an individual."); see also Tex. Penal Code Ann. § 15.01(a) (Vernon
2003) ("A person commits [the offense of criminal attempt] if, with specific intent to commit
an offense, he does an act amounting to more than mere preparation that tends but fails
to effect the commission of the offense intended."). The trial court sentenced appellant to
life imprisonment. By one issue, appellant contends that the trial court committed
reversible error by admitting appellant's written statement at trial. We affirm.

I. Background (1)

 Appellant filed a motion to suppress the defendant's written or oral statements
contending, among other things, that his written statement had been obtained in violation
of article 38.22 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 38.22 (Vernon 2005).

 At the suppression hearing, Ricardo Arredondo, an investigator, testified that when
he spoke with appellant, he asked him whether he preferred English or Spanish. Appellant
responded, "Whatever language, didn't matter . . . because [I am] not a wetback." 
Investigator Arredondo proceeded to read the warnings in Spanish and then in English. 
Investigator Arredondo advised appellant of the following: (1) he had a right to an attorney
and if he could not employ one, he had a right to have one appointed to him; (2) he had
a right remain silent; (3) anything that he said could be used against him in court; (4) he
had a right to an attorney prior to and during the questioning; (5) he had a right to have an
attorney appointed to advise him prior to and during any questioning; and (5) he had the
right to terminate the interview. Appellant acknowledged that he understood his rights by
initialing next to each warning on the Spanish Miranda form and next to the English
warnings listed on his written statement.

 State's exhibits number one and number two were admitted through Investigator
Arredondo's testimony. State's exhibit number one included two documents--the Miranda
warnings in English and the Spanish version of the warnings. Appellant's written statement
typed by Investigator Arredondo in English and signed by appellant was admitted as
State's exhibit two. 

 The trial court denied appellant's motions and at trial, admitted appellant's written
statement without objection. (2) Appellant was convicted of attempted murder and was
sentenced to life in prison. Appellant filed a motion for new trial, claiming that his
statement should not have been admitted because the State did not comply with article
38.22. See id. After a hearing on appellant's motion for new trial, the motion was denied. 
This appeal ensued.

II. Admission of Written Statement

A. Standard of Review and Applicable Law

 We review a trial court's ruling on the admissibility of evidence under an abuse of
discretion standard. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We
must "review the trial court's ruling in light of what was before the trial court at the time the
ruling was made." Id. If the trial court's ruling is correct under any theory of law applicable
to the case and reasonably supported by the record, we must uphold the ruling. Id.; Lerma
v. State, 172 S.W.3d 219, 225 (Tex. App.-Corpus Christi 2005, pet. ref'd). "In reviewing
a trial court's ruling on a motion to suppress, we give almost total deference to a trial
court's determination of historical facts, and we review de novo the trial court's application
of the law." Luna v. State, 268 S.W.3d 594, 602 (Tex. Crim. App. 2008).

 Texas Code of Criminal Procedure article 38.22, section 2 states:

 No written statement made by an accused as a result of custodial
interrogation is admissible as evidence against him in any criminal
proceeding unless it is shown on the face of the statement that:


 (a) the accused, prior to making the statement, either received from
a magistrate the warning provided in article 15.17 of this code or
received from the person to whom the statement is made a warning
that:


 (1) he has the right to remain silent and not make any
statement at all and that any statement he makes may be used
against him at his trial;


 (2) any statement he makes may be used as evidence against
him in court;


 (3) he has the right to have a lawyer present to advise him
prior to and during any questioning;


 (4) if he is unable to employ a lawyer, he has the right to have
a lawyer appointed to advise him prior to and during any
questioning; and


 (5) he has the right to terminate the interview at any time; and


 (b) the accused, prior to and during the making of the statement,
knowingly, intelligently, and voluntarily waived the rights set out in the
warning prescribed by subsection (a) of this section.


Tex. Code Crim. Proc. Ann. art. 38.22, § 2.

B. Discussion By his sole issue, appellant contends that the trial court erred in admitting his written
statement. Specifically, appellant argues that the warnings he received did not
substantially comply with article 38.22. See id. Appellant urges this Court to review the
evidence presented at his motion for new trial. The State counters that, when we review
a trial court's decision to admit or exclude evidence at trial, we are only allowed to review
the evidence before the trial court at the time that it ruled. We agree with the State.

 As a reviewing court, we must examine the record as it existed at the time of the
suppression hearing. O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000); Hoyos
v. State, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998) ("As for appellant's citation to
evidence elicited during the motion for new trial hearing, that evidence does not impact the
validity of the trial court's ruling at trial."); see Dragoo v. State, 96 S.W.3d 308, 313 (Tex.
Crim. App. 2003) ("As a general rule, an appellate court reviewing a trial court's ruling on
the admission or exclusion of evidence must do so in light of the arguments, information,
and evidence that was available to the trial court at the time it ruled."). Therefore, we will
not consider the evidence appellant presented at his motion for new trial hearing or any
evidence not considered by the trial court when it made its ruling. (3) See Rangel v. State,
250 S.W.3d 96, 98 (Tex. Crim. App. 2008) (per curiam) (refusing to "examine the propriety
of a trial judge's ruling based on evidence that the trial judge had no opportunity to consider
when he made his ruling"); Hoyos, 982 S.W.2d at 422; Reyes v. State, 69 S.W.3d 725, 736
(Tex. App.-Corpus Christi 2002, pet. ref'd) ("[W]e consider only evidence adduced at the
suppression hearing because the ruling was based on it rather than evidence introduced
later.").

 At the suppression hearing, the State introduced evidence that Investigator
Arredondo provided appellant with the warnings required by article 38.22 prior to taking his
statement. See Tex. Crim. Code Proc. Ann. art. 38.22. Although appellant told the
officers he preferred Spanish, he also stated that it did not matter whether Investigator
Arredondo spoke English or Spanish. Investigator Arredondo testified that he read the
warnings listed on appellant's written statement to him. Appellant's written statement
contained the following language:

 I, Leonardo Ramirez, after being duly warned by [Investigator Arredondo],
the person to whom this statement is made, that:


 1. I have the right to remain silent and not make any statement at all
and that any statement I make may be used against me at my trial;

 

  . . . 

 

 2. Any statement I make may be used as evidence against me in
court;

 

 . . . 

 

 3. I have the right to have a lawyer present to advise me prior to and
during any questioning;

 

  . . . 

 

 4. If I am unable to employ a lawyer, I have the right to have a lawyer
appointed to advise me prior to and during any questioning;

 

 . . . 

 

 5. I have the right to terminate the interview at any time.


 And prior to and during the making of this statement, I knowingly, intelligently
and voluntarily waive those rights set forth in this document and having
knowingly, intelligently and voluntarily waived those rights, I do hereby make
the following free and voluntary statement . . .


These are the warnings required by article 38.22. See id. Investigator Arredondo also
testified that he told appellant to write his initials next to each warning that he understood. 
Appellant initialed next to each warning in the space provided.

 Appellant's written statement followed the acknowledged warnings. Therefore, the
face of appellant's statement shows substantial compliance with article 38.22. See Garcia
v. State, 919 S.W.2d 370, 386 (Tex. Crim. App. 1996) (concluding that the language
contained in appellant's voluntary statement clearly contained the warnings required by
38.22). Thus, the evidence at the time the trial court made its ruling demonstrates that it
acted within its discretion by denying appellant's motion to suppress his written statement
and admitting the statement at trial. We overrule appellant's sole issue.

III. Conclusion

 We affirm the trial court's judgment. 

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of May, 2009.
1. As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them
here except as necessary to explain the Court's decision and the basic reasons for it. See Tex. R. App. P.
47.4.
2. Appellant does not challenge, on appeal, the admission of his oral statement.
3. We note that appellant does not assert and the record shows that the issue was not re-litigated by
the parties at trial. See Rachel v. State, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) (providing that when
the issue is consensually re-litigated by the parties at trial, the reviewing court may consider relevant
testimony).