NO.
12-05-00371-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

RONNIE
DUSTIN HARRISON,     §          APPEAL FROM THE 349TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          HOUSTON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Appellant
Ronnie Dustin Harrison appeals his conviction for delivery of a controlled
substance.  In three issues, Appellant
challenges the admission of hearsay statements and the legal and factual
sufficiency of the evidence supporting his conviction.  We affirm.

 

Background

            Appellant was charged by indictment
for delivery of a controlled substance, namely cocaine, in an amount less than
one gram.  He pleaded “not guilty” and
elected to have a jury decide his guilt or innocence.

            At trial, the State called Mike
McClain, a criminal law enforcement sergeant with the Texas Department of
Public Safety Narcotics Service.  McClain
testified that on August 12, 2004, he and Thomas Morgan, a cooperating
individual (CI),[1]








 were attempting to buy crack cocaine from
street dealers in Crockett, Texas.  As
they drove around town in an undercover DPS vehicle, they saw  Appellant riding a horse.  The CI knew Appellant and spoke to him from
the vehicle, introducing McClain to him as a “friend.”  The CI exited from the vehicle and spoke with
Appellant.  He returned to the vehicle
and McClain gave “impressed”[2] money to the CI.  They both got out of the vehicle and walked
up to Appellant, who was still on horseback. 
The CI and Appellant exchanged the money for the drugs, two rocks of
crack cocaine.  McClain and the CI then
returned to the truck where the CI handed the drugs to McClain.  

            Karen Shumate, a lab criminalist
from the Texas Department of Public Safety (DPS), testified that the substance
McClain purchased from Appellant contained cocaine.    Shumate said the amount of crack cocaine
was 0.32 grams or approximately .01 ounce. 
Her testimony was based on the report written by Kevin Minor, the
criminalist who performed the tests. 
Minor no longer worked  for DPS.

            Paul Thomas Hopson, sergeant
investigator for the Texas DPS Narcotics Service, testified that he and Dustin
Ramos were acting as backup for McClain. 
They parked across the street and witnessed McClain and the CI drive up
and speak to Appellant on horseback. 
However, Hopson was unable to see the actual transfer of drugs and money
from his position.  Dustin Ramos, an
investigator for the Deep East Texas Narcotic Task Force, gave a similar
account of what they saw. 

            Morris Luker, a peace officer for
Houston County Sheriff’s Office, testified that he twice attempted to serve a
subpoena on the CI ordering him to appear at Appellant’s trial.  He was unsuccessful in his efforts, saying
that the CI’s neighbors had not seen him in several weeks.

            At the conclusion of the
guilt/innocence phase, the jury found Appellant guilty.  After hearing evidence and argument from the
parties, the jury sentenced Appellant to two years of confinement  and assessed a $10,000.00 fine.  This appeal followed. 

Admission of
Hearsay

            In his first issue, Appellant
complains that the trial court failed to exclude “back door” hearsay statements
of the CI “in such a manner as to effectively permit such statements to be
testified to by the undercover agent.” 

Standard of
Review              

            We review the trial court’s decision
to admit or exclude testimony under an abuse of discretion standard.  Kelly v. State, 824 S.W.2d 568,
574 (Tex. Crim. App. 1992).  An abuse of
discretion occurs when the trial court acts without reference to any guiding
rules and principles or acts arbitrarily or unreasonably.  Montgomery v. State, 810 S.W.2d
372, 380 (Tex. Crim. App. 1990).  In determining
whether a trial court abused its discretion, we review the trial court’s ruling
in light of what was before the trial court at the time the ruling was
made.  Hoyos v. State, 982
S.W.2d 419, 422 (Tex. Crim. App. 1998). 
This standard requires an appellate court to uphold a trial court’s
admissibility decisions when they are within the zone of reasonable
disagreement.  See Montgomery,
810 S.W.2d at 391 (op. on reh’g).   

Discussion

            Hearsay is an out of court statement
offered at trial to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  Hearsay is not
admissible, absent a rule-based or statutory exception to the hearsay
rule.  Tex.
R. Evid. 802; see Philpot v. State, 897 S.W.2d 848, 851
(Tex. App.–Dallas 1995, pet. ref’d).  A
statement need not be quoted directly to constitute a violation of the hearsay
rules.  See Head v. State,
4 S.W.3d 258, 261 (Tex. Crim. App. 1999). 
“Back door hearsay” may violate the rules of evidence depending on “how
strongly the content of the out-of-court statement can be inferred from the
context.”[3]  Id.    

             The trial court  held a hearing outside the jury’s presence to
determine what testimony would be allowed. 
McClain summarized his testimony:

                                                                                                            

[The CI] said he knew who [Appellant] was, and he was on the horse, and
that he could buy from him.  That is what
he basically said.  And I pulled over
there . . . . [The CI] told [Appellant] that I was a friend. . . . So we talked
for a second. Then he got out of the truck . . . and he walked over to
him.  And I backed up off of the road.  And then they talked.  And then [the CI] [came] back and sat down in
the truck. . . . He told me that [Appellant] did not know who I was, so he
wouldn’t deal with me.  So I [gave] him
the money.  And he got out and walked
back up to [Appellant].  And I got out
and walked over there.  And I shook hands
with him on the horse.  And I stood on
the left side of the horse, and [the CI] stood on the right side of the horse.  And they exchanged the money with the drugs,
which was two pieces of crack cocaine. 
Then we went back and sat down in the truck.  And [the CI] had the cocaine in his
hand.  He handed it to me, and I put it
in my pocket.  

 

The trial court made
the following ruling:

 

I am going to let some in, and I am not going to let some in.  I am going to let in the informant saying
that he knew who [Appellant] was.  And I
am going to give an instruction that the jury cannot consider that, but that it
is offered for the reason of why he pulled over.  The testimony that he won’t buy from you or
something like that is not coming in.  It
is hearsay.  It is being offered for the
truth of [the] matter asserted.  The informant
introduced me as so-and-so I will allow in. 
And then the officer can testify as to what he personally observed and
why he did what he did.  And if there are
statements that the informant has made to him, he can say based upon
conversations with the informant, I did whatever I did, and not say what the
informant told you.

 

            After the jury returned, McClain
testified that the CI and Appellant “conversed through the passenger-side
window. . . .  And the [CI] and
[Appellant] talked.  And he introduced me
as a friend.”   McClain said that he gave
the CI money, got out of the truck, walked up to the horse, shook hands with
Appellant, saw the CI make the transaction, then went back to the truck.  McClain did not say that Appellant would not
sell to him because they did not know each other. 

            McClain primarily testified about
the transaction he observed between Appellant and the CI.  He also testified that the CI introduced him
to Appellant as a friend.  He gave no
further details of any statement made by the CI.  Appellant fails to state what inferences
McClain’s testimony creates about the substance of the CI’s out of court
statements.  Nor do we  see an “inescapable inference” from McClain’s
testimony that constitutes “back door hearsay.” 
Consequently, we conclude the admission of the challenged testimony was
not error.

            In one sentence, Appellant also
complains that the trial court failed to give limiting instructions to the
jury.  An appellant’s brief must contain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record. 
Tex. R. App. P. 38.1(h).  Appellant has not presented a single argument
or citation in support of his contention nor has he  addressed any of the governing legal
principles or applied them to the facts of this case.  See King v. State, 17
S.W.3d 7, 23 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d) (op. on reh’g).  Appellant’s brief merely contains a sentence
stating that contrary to the trial court’s earlier decision, it failed to give
a limiting instruction to the jury. 
Conclusory statements unsupported by authority present nothing for
appellate review.  See id.;
see also Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim.
App. 1992).  Therefore, Appellant has
waived the alleged error of which he now complains.  We overrule Appellant’s first issue.  

Sufficiency of the
Evidence

            In his second and third issues,
Appellant challenges the factual and legal sufficiency, respectively, of the
evidence supporting his conviction. We will address legal sufficiency and then
factual sufficiency.

Standard of
Review

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio
1999, pet. ref’d) (citing Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979)).  In reviewing a legal sufficiency challenge,
the appellate court examines the evidence in the light most favorable to the
judgment to determine whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (citing Jackson, 443 U.S. at 319,
99 S. Ct. at 2789).

            In reviewing factual sufficiency of
the evidence, we must determine whether a neutral review of the evidence, both
for and against the finding, demonstrates that a rational jury could find guilt
beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support
the finding of guilt beyond a reasonable doubt. 
Id.  Evidence is
also factually insufficient when contrary evidence is so strong that the beyond
a reasonable doubt standard could not have been met.  Id. at 484-85.  A verdict will be set aside “only if the
evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction
clearly wrong and manifestly unjust.”  Sims
v. State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003); Ortiz v.
State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002).  A clearly wrong and manifestly unjust verdict
occurs where the jury’s finding “shocks the conscience” or “clearly demonstrates
bias.”  Zuniga, 144 S.W.3d
at 481.

            As in legal sufficiency review, the
fact finder is the sole judge of the weight and credibility of a witness’s
testimony.  Wesbrook v. State,
29 S.W.3d 103, 111-12 (Tex. Crim. App. 2000); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
The jury may choose to believe all, some, or none of a witness’s
testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

Legal
Sufficiency

            A person commits delivery of a
controlled substance when he knowingly delivers, or possesses with intent to
deliver, a controlled substance.  Tex. Health & Safety Code §
481.112(a) (Vernon 2003).  This offense
is a state jail felony if the amount of the controlled substance is less than
one gram.  See id. §
481.112(b).  

            Hopson and Ramos both testified that
they were conducting surveillance during the “buy” and saw McClain and the CI
talking with Appellant, who was on horseback. 
McClain testified that he was present and personally witnessed Appellant
deliver two rocks of crack cocaine to the CI in exchange for money.  A DPS lab criminalist testified that the
substance contained cocaine.  

            Viewing all of the evidence in the
light most favorable to the jury’s verdict, we conclude that the jury could
have reasonably determined beyond a reasonable doubt that Appellant
intentionally and knowingly delivered cocaine in an amount less than one
gram.  Therefore, we hold that the
evidence was legally sufficient to support the jury’s verdict.  We overrule Appellant’s third issue.

Factual
Sufficiency

            In addition to the evidence already
discussed, some evidence in the record is favorable to Appellant.  The record shows that neither Hopson nor
Ramos was able to see the actual transfer of drugs and money between Appellant
and the CI from across the road. 
Additionally, the recording device that was used that day did not
function properly and the tape was not clear enough to be helpful.  Although McClain stated that he saw the
entire transaction take place, McClain also described the setting, saying that
he was standing to the left side of the horse that Appellant was riding while
the CI was standing to the horse’s right side. 
However, we must consider this evidence along with the evidence that is
unfavorable to Appellant.

            Our review of the record as a whole,
with consideration given to all of the evidence, both for and against the jury’s
finding, has not revealed any evidence that causes us to conclude that the
proof of guilt is so obviously weak or is otherwise so greatly outweighed by contrary
proof as to render Appellant’s conviction clearly wrong or manifestly
unjust.  Therefore, we hold that the
evidence is factually sufficient to support the jury’s verdict.  We overrule Appellant’s second issue.

Disposition

            Having overruled Appellant’s issues
one , two,  and three, we affirm
the judgment of the trial court.

 

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered September 29, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

                                                                

 

 

 

                                                                                                

 

(DO
NOT PUBLISH)











[1] The State had filed a
motion to revoke Morgan’s probation from a misdemeanor conviction, and he was
cooperating with officials in an attempt to receive favorable treatment from
the State.





[2] “Impressed” money is
state money allotted for officers to use for the purchase of narcotics or to
use on surveillance.





[3] The case of Burks
v. State, 876 S.W.2d 877, 898 (Tex. Crim. App. 1994), illustrates the
dilemma where an officer does not actually testify about what he was told by
the witness, but the officer's subsequent conduct may produce a strong enough
inference as to the substance of the statement to present a hearsay problem. In
Burks, the officer testified that he spoke to the victim and an
eyewitness to the crime.  Id.  The State then asked, “After talking to [the
victim], and please let me remind you not to tell me what if anything [he] told
you, did you go searching or looking for a particular description of an
individual?”  Id.  The officer responded in the affirmative,
indicating that he began looking for “[a] black male, somewhat smaller build
than [the victim], having in his possession a black ski mask or toboggan type.”  Id.  The officer responded in a similar manner
when asked about the type of individual he began to look for after interviewing
the eyewitness.  Id.  The inescapable inference from the officer's
testimony was that the victim and the eyewitness had given him the description
that the officer had related to the jury. The court of criminal appeals held
that the officer's testimony was inadmissible hearsay.  Id.