NO. 07-08-0340-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 10, 2009

_____

EMILIO CHAVEZ, JR., APPELLANT

V.

CYNTHIA GALE HILL, APPELLEE

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-540,380; HONORABLE RUBEN REYES, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Emilio Chavez, Jr., proceeding pro se and in forma pauperis, appeals

from the trial court's order granting Cynthia Gale Hill's no-evidence motion for summary

judgment in his action against her for legal malpractice and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).[1] We affirm.

## Procedural Background

On April 27, 2006, pursuant to a guilty plea, Chavez was convicted of theft and sentenced to five years confinement. His court-appointed counsel was Hill. Later that year, while Chavez was incarcerated, he filed a complaint in the United States District Court for the Northern District of Texas against several defendants, including Hill, alleging, among other claims, ineffective assistance of counsel and deprivation of liberty and property without due process of law. On December 22, 2006, the trial court signed an order which dismissed, as frivolous, all of Chavez's claims against Hill.

The following year, Chavez filed the underlying suit against Hill alleging legal malpractice and violations of the DTPA. Specifically, Chavez alleged that Hill breached her fiduciary duties and standard of care by fraud, misrepresentation, forgery, deception, and coercion. Chavez further alleged that Hill's wrongful acts caused him to suffer "damages in excess of $100 million U.S. dollars."

By a special denial contained within her amended answer, Hill contended that, under § 17.49(c) of the DTPA, she was exempt from a claim for damages based upon the rendering of a professional service. She also raised the affirmative defense of res judicata

---

[1]Tex. Bus. & Com. Code Ann. § 17.41 (Vernon 2002).

based upon the final order rendered in Chavez's case filed in the United States District Court.

After a deluge of paperwork from Chavez and adequate time for discovery, Hill filed a no-evidence motion for summary judgment. By her motion, she alleged there was no evidence of one or more of the elements of Chavez's claims of legal malpractice, breach of fiduciary duty, fraud, misrepresentation, forgery, deceit, and coercion. She also alleged that Chavez did not present any evidence entitling him to relief under the DTPA. Finally, Hill raised the affirmative defense of res judicata.[2]

Chavez filed an objection to Hill's no-evidence motion and, because of his incarceration, requested the trial court to take judicial notice of exhibits previously filed with his brief in support of his suit.[3] Those exhibits include motions, correspondence, documents relating to his guilty plea in the theft case, unanswered interrogatories to Hill, and Chavez's "Affidavit of Forgery and Pleas non est factum an Alteration." After reviewing the evidence, the trial court signed an order granting Hill's no-evidence motion and dismissing all of Chavez's claims. This appeal followed.[4]

---

[2]Although an affirmative defense is better raised under a separate "traditional" motion for summary judgment filed pursuant to Rule 166a(b) of the Texas Rules of Civil Procedure, the rules of procedure do not prohibit a party from combining in a single motion a request for summary judgment that contains both traditional and no-evidence grounds. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

[3]There is nothing in the record to indicate the trial court actually took judicial notice of exhibits filed prior to Chavez's objection to Hill's no-evidence summary judgment motion.

[4]Two supplemental clerk's records containing documents that were not before the trial court at the time it made its ruling have been filed in this Court. However, an appellate court is required to review a trial court's ruling in light of what was before the trial court at the time the ruling was made. *Hoyos v. State*, 982

After the appellate record was filed, on October 16, 2008, Chavez filed his brief and this Court acknowledged the filing by letter to both parties the following day. On October 21, 2008, this Court received a letter from Hill in which she indicated she received the Court's notification letter but had not been served with a copy of Chavez's brief. This Court immediately notified Chavez of the defect and requested proof of service. In response, on October 31, 2008, Chavez filed "Appellant's Amended Brief," which was provided to Hill. Again Chavez was notified by letter that the amended brief superceded his original brief. Hill timely filed her brief on December 8, 2008, and on January 7, 2009, Chavez filed a request to rebrief, which was denied. Chavez then filed a "Memorandum of Closing Statements" on January 16, 2009, and this Court notified him that briefing deadlines had passed and no further filings would be considered.

## Summary Judgment Standards of Review

### I. Affirmative Defense - Res Judicata

A defendant who moves for summary judgment on the basis of an affirmative defense has the burden to prove conclusively all the elements of the affirmative defense as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp*, 988 S.W.2d 746, 748 (Tex. 1999). The doctrine of res judicata is an affirmative defense. Tex. R. Civ. P. 94. In reviewing the evidence, we take as true the non-movants' summary judgment

---

S.W.2d 419, 422 (Tex.Crim.App. 1998). This Court's opinion is not based on any documents that were not before the trial court when it signed the summary judgment order.

evidence and indulge every reasonable inference in favor of the non-movant. *See American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997), citing *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-49 (Tex. 1985).

## II. No-Evidence Motion for Summary Judgment

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. *See Merrell Dow Pharms, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i). Once the motion is filed, the burden shifts to the non-movant to present evidence raising an issue of material fact as to the elements specified in the motion. The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). The non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i), Notes and Comments (1997). We review the summary judgment evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426, (Tex. 2008), citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). *See*

*also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When the judgment does not specify the ground relied on, we will affirm the summary judgment if any of the theories advanced in the motion are meritorious. *Western Investments*, *Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)

**Discussion**

**I.      Affirmative Defense - Res Judicata**

Res judicata, or claim preclusion, "gives a plaintiff one bite at the cause of action apple." *Weiman v. Addicks-Fairbanks Road Sand Co.*, 846 S.W.2d 414, 418 (Tex.App.–Houston [14th Dist.] 1992, writ denied). If the defendant wins the original suit, then the plaintiff is barred from bringing another action on the claims actually litigated in the action, as well as claims that could have been litigated in the original action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

To successfully assert the affirmative defense of res judicata, a defendant must prove the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group*, *Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). Hill alleged the required elements of res judicata in her motion for summary judgment. She attached as evidence a certified copy of an order of dismissal from the United States

6

District Court for the Northern District of Texas dismissing Chavez's ineffective assistance and due process claims against her. The order and Chavez's amended complaint, which is also included as evidence, provides the identity of the parties. Hill also asserted that the underlying legal malpractice suit with "an array of causes typically known as elements of legal malpractice," was the same as the "administrative malpractice" referenced by Chavez in his "*Motion for Judgment*" filed in the federal lawsuit and which is included in Hill's summary judgment evidence.

The only potential competent summary judgment evidence presented by Chavez is his affidavit in which he avers that Hill forged his name to the plea agreement while representing him in his theft case. Mindful that we review summary judgment evidence in the light most favorable to the party against whom summary judgment was rendered, a conclusory statement unsupported by facts is not competent summary judgment evidence. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 27 (Tex.App.–Houston [14th Dist.] 2005, pet. denied). The mere recitation that an affidavit is based on personal knowledge is inadequate if the affidavit does not affirmatively show a basis for such knowledge. *Southtex 66 Pipeline Co.*, *Ltd. v. Spoor*, 238 S.W.3d 538, 542-43 (Tex.App.–Houston [14th Dist.] 2007, pet. denied). Chavez's statement that Hill forged his name without any underlying factual details is self-serving and conclusory and insufficient to raise a genuine issue of material fact to defeat Hill's motion for summary judgment.

7

In the absence of any genuine issue of material fact that would preclude Hill's entitlement to the affirmative defense of res judicata, Chavez's legal malpractice claims actually litigated in the federal lawsuit, as well as claims that could have been litigated in that suit, were barred.

## II.     Hill's No-Evidence Motion for Summary Judgment

By her no-evidence motion, Hill alleged there was no evidence of one or more of the elements of Chavez's claims of legal malpractice, breach of fiduciary duty, fraud, misrepresentation, forgery, deceit, coercion, and violations of the DTPA.  Hill set forth each element of every claim in her motion and she then challenged at least one element of each claim.  In response to the motion, Chavez filed his objection raising legal and factual insufficiency and requesting the trial court to take judicial notice of certain documents filed by him.  As previously discussed, the only potential summary judgment evidence presented by Chavez was his affidavit, which we have found was not competent summary judgment evidence because of its conclusory nature.  Thus, Chavez has failed to present any evidence raising a genuine issue of material fact on any of the elements challenged by Hill.

## III.     Proximate Cause as to Damages

In the context of a criminal matter, the client's criminal conduct is, as a matter of law, the sole proximate or producing cause of the client's eventual conviction and damages, such that a legal malpractice claim may not be brought absent a showing that the plaintiff

8

has been exonerated from the criminal conviction, either by direct appeal, post-conviction relief, or otherwise. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). Chavez has not been exonerated of the offense that was the basis of Hill's representation giving rise to his malpractice claim. Thus, Chavez would not have been able to negate the sole proximate cause bar to his legal malpractice claim against Hill. *Id.*

## Conclusion

Because Hill established the affirmative defense of res judicata to Chavez's legal malpractice claims, and because Chavez did not raise a genuine issue of material fact as to the contested element of each cause of action asserted against Hill, including proximate cause as to damages, we conclude the trial court did not err in granting Hill's motion for summary judgment. Having disposed of Chavez's contentions on the theories of res judicata and no evidence, we need not consider any other complaints presented by him. *See Urena*, 162 S.W.3d at 550. All contentions raised by Chavez are overruled.

Accordingly, the trial court's summary judgment is affirmed.


Patrick A. Pirtle
Justice

9