# NO. 12-16-00218-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY WAYNE JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *CRIMINAL DISTRICT COURT 2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TARRANT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anthony Wayne Johnson appeals his conviction for continuous sexual abuse of a child. In four issues, he challenges certain evidentiary rulings and the denial of his motion for continuance. We affirm.

## BACKGROUND

In December of 2015, Appellant was charged by a five count indictment for offenses involving sexual abuse against a child victim. Count one alleged continuous sexual abuse of a child. The charges stemmed from abuse that was alleged to have occurred beginning when the victim was four years old and on or about June 15, 2010 through June 15, 2012. Appellant pleaded "not guilty" and the matter proceeded to a jury trial.

At trial, the victim, then a ten year old boy, testified that Appellant had raped him about five times. Upon further questioning, the victim testified that Appellant contacted the victim's anus with the Appellant's sexual organ. He indicated that he was four years old when the first instance of abuse occurred, and five years old when the last instance of abuse occurred. The victim testified that he told his mother about the abuse, and she slapped Appellant, after which Appellant brandished a firearm.

During a forensic interview, the victim told Samantha Shircliff, a trained forensic interviewer, that Appellant had raped him. During a second interview, the victim told Shircliff that another individual had raped him with Appellant. He told Shircliff that he punched the other perpetrator and the police came and arrested the man. He also told Shircliff that after the police caught the man, they found DNA inside the victim. Detective McCormack, the investigating officer, was unable to either locate the man, or verify any of the victim's statements regarding the man. In addition to the allegations regarding another perpetrator, Appellant pointed out several inconsistencies in the victim's various outcries and trial testimony, both through cross-examination and other testimony, including the victim's mother who testified the victim did not tell her about the abuse. The jury returned a verdict of "guilty" on count one, continuous sexual abuse of a child, and Appellant was sentenced to a term of life imprisonment. This appeal followed.

## EXCLUSION OF EVIDENCE

Appellant's first three issues challenge the exclusion of evidence regarding a prior sexual assault and an allegation made by the victim against his foster mother.

### Standard of Review

We review a trial court's ruling on the admissibility of evidence for abuse of discretion. *Weathered v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). Furthermore, we must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Weathered*, 15 S.W.3d at 542; *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998). A ruling supported under any theory of law applicable to the case will be upheld. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

### Prior Sexual Assault

In Appellant's first and second issues, he argues the trial court abused its discretion by not allowing him to question the victim about a previous sexual assault. Appellant contends that the exclusion of this evidence violated his constitutional right to confront and cross-examine witnesses, and was admissible pursuant to Texas Rule of Evidence 412(b)(2)(E).

In a prosecution for sexual assault, Texas Rule of Evidence 412 excludes specific instances of a victim's past sexual history unless the evidence falls within one of the several numerated categories set out in Rule 412(b)(2). Tex. R. Evid. 412(b)(2); *Hale v. State*, 140 S.W.3d 381, 396 (Tex. App.—Fort Worth 2004, pet. ref'd). Evidence of specific instances of a victim's past sexual history is only admissible if it is evidence (1) to rebut or explain scientific or medical evidence offered by the State, (2) of past sexual behavior with the accused, offered on the issue of consent, (3) that relates to the motive or bias of the alleged victim, (4) that is admissible under rule 609, or (5) that is constitutionally required to be admitted. Tex. R. Evid. 412(b)(2).

The Sixth Amendment grants defendants in criminal prosecutions the right to confront witnesses against them. U.S. Const. amend. VI. This right includes the right to "cross-examine witnesses to attack their general credibility or to show their possible bias, self-interest, or motives in testifying." *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009). However, this is not an unqualified right; the trial judge has wide discretion in limiting the scope and extent of cross-examination. *Id.* Generally, the right to present evidence and to cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidentiary rules. *Id.* However, in the rare situation in which the applicable rule of evidence conflicts with a federal constitutional right, the constitutional right controls. Tex. R. Evid. 101(d) ("[D]espite these rules, a court must admit or exclude evidence if required to do so by the United States or Texas Constitution"); *Hammer*, 296 S.W.3d at 561.

Several states have held that the United States Constitution compels the admission of evidence to show an alternative basis for a child victim's knowledge on sexual matters. *Hale*, 140 S.W.3d at 396. However, the Constitution only requires the introduction of otherwise relevant admissible evidence. *See id.* (citing *United States v. Nixon*, 418 U.S. 683, 711, 94 S. Ct. 3090, 3109, 41 L. Ed. 2d 1039 (1974)). Accordingly, before evidence of an alleged victim's sexual behavior may be admitted pursuant to Rule 412(b)(2)(E), the defendant must first establish the relevancy of the evidence to a material issue in the case. *Hale*, 140 S.W.3d at 396; Tex. R. Evid. 401. If the evidence is not relevant, it is not admissible. Tex. R. Evid. 402. In order to establish relevancy of a child victim's prior sexual conduct as an alternate source of sexual knowledge, the defendant must establish that (1) the prior acts clearly occurred, and (2) the acts so closely resembled those of the present case that they could explain the victim's

knowledge about the sexual matters in question. *Hale*, 140 S.W.3d at 396 (citing *State v. Pulizzano*, 155 Wis.2d 633, 655, 456 N.W.2d 325, 335 (1990)).

In this case, Appellant challenges the exclusion of evidence regarding a prior sexual act that Appellant argues should have been admitted as an alternative source of the victim's sexual knowledge. In a hearing outside the jury's presence, the victim indicated that another child, close in age to the victim, had touched inside the victim's anus with his hand.[1] The act was interrupted by the victim's foster mother, who separated the children. The victim indicated that this happened one time, and that he remained clothed during the incident, but the other child removed his own clothing. Appellant also elicited testimony from Detective McCormack that he spoke to the victim's foster mother who verified that the act had occurred.

Appellant maintains that this act "mirrors Appellant's abuse[]" because both involve contact with the victim's anus. We disagree that the acts closely resemble each other. The victim testified that Appellant used his "private part" to touch the victim's "back part."[2] The victim indicated that this occurred about five times, the first occurring when he was four years old. The victim further testified that, on one occasion, he was watching television when Appellant walked in "with a look on his face," pushed the victim on the bed on his stomach, and took out his private part. The victim stated that Appellant's private part touched the victim's back part, which hurt the victim, that Appellant was moving during the assault, and that it felt "rough."

The sexual assault examiner nurse, Teresa Fugate, testified that the victim told her that Appellant had rubbed his sexual organ in between the cheeks of the victim's buttocks when the victim was six years old. The victim indicated this happened multiple times. Fugate testified that the victim also indicated Appellant had engaged in oral sex with him and had touched his anal area with his hand. Fugate testified that she conducted a non-acute sexual assault examination of the victim, and the only physical finding was a smooth, concave red area on the victim's anus, which she could not specifically relate to sexual abuse.

The victim told Shircliff that Appellant had raped him. He described an incident wherein he was placed on his stomach and Appellant was on top of him. During this incident, and a

---

[1] The record of this hearing was sealed in accordance with Rule 412. *See* TEX. R. EVID. 412(d). Because this is a sealed record, we endeavor to reveal as little detail as possible regarding evidentiary matters of which Appellant complains. *See id.*; *see also Estes v. State*, 487 S.W.3d 737, 754 n.19 (Tex. App.—Fort Worth 2016, pet. granted).

[2] The prosecutor asked the child victim to identify the parts of the body. The victim identified the anus as the "back part" and the genitals as the "private part."

second incident described by the victim, Appellant's sexual organ contacted the victim's anus. The victim stated that, during the first incident, Appellant was "humping" up and down. The victim told Shircliff he recalled Appellant making a growling sound during the second incident.

While Appellant presented evidence that a prior act occurred, we conclude that another child touching the victim's anus with his hand does not so closely resemble the evidence regarding Appellant's abuse that it could explain the victim's knowledge about the sexual matters at issue. *See Hale*, 140 S.W.3d at 396. Thus, Appellant failed to establish the relevancy of the evidence, and the trial court did not abuse its discretion in refusing to allow Appellant to cross examine the victim about the prior sexual act. *See Weathered*, 15 S.W.3d at 542; *see also Hale*, 140 S.W.3d at 396. Appellant's issues one and two are overruled.

## Allegation Against Foster Mother

In his third issue, Appellant contends the trial court abused its discretion by excluding testimony that the victim had made a false accusation against his foster mother. Appellant contends that the false allegation directly impacted the victim's credibility, which was the crux of the State's case against Appellant.

The theory for admitting prior false accusations in a sex-offense prosecution is that a past false accusation makes it more likely that a witness lacks credibility and thus should not be believed in the present case. *Hammer*, 296 S.W.3d at 564. A criminal trial is designed to find the truth about a specific incident, not to decide whether someone has lied in the past about being raped, and thus, prior false allegations of rape do not tend to prove or disprove any of the elements of the charged sexual offense. *Id.*

Texas, unlike some jurisdictions, has not created a *per se* exception to rule of evidence 608(b), which prohibits impeachment with specific instances of conduct, to admit evidence of a victim's prior false allegations of abuse or molestation. *Id.*; *see also* TEX. R. EVID. 608(b) ("Except for a criminal conviction under Rule 609, a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness."). However, a prior false accusation could become admissible if offered for some purpose other than a propensity attack upon the witness's general character for truthfulness under Texas evidentiary rules. *See Hammer*, 296 S.W.3d at 564; *see also Billodeau v. State*, 277 S.W.3d 34, 42-43 (Tex. Crim. App. 2009) (trial court should have admitted evidence that the child victim had made threats to falsely accuse two neighbors, who

5

angered him, of sexual assault because it supported the defensive theory that the victim's motive in accusing the defendant of sexual assault was anger at appellant); *see also **Johnson v. State***, 490 S.W.3d 895, 912 (Tex. Crim. App. 2016) (trial court should have admitted evidence that child victim had been sent to counseling for sexually abusing his sister near the time he made outcry against appellant because it supported the defensive theory that victim fabricated the allegation against appellant to deflect negative attention away from him and gain sympathy from his parents).

In the case at hand, outside the presence of the jury, Appellant questioned Detective McCormack about a statement the victim made to Shircliff. McCormack testified that the victim told Shircliff that his foster mother took nude photographs of the victim and the other child after the incident discussed in the Rule 412 hearing. Detective McCormack stated that the foster mother verified telling the children she planned to take photographs to document the incident for the foster agency, but she never took the photographs. Appellant sought to question Detective McCormack about this allegation in front of the jury on grounds that it went to the victim's motive or bias and credibility.[3] The State objected pursuant to Rule 403, arguing that, because the court had found the incident itself to be inadmissible, it would confuse the jury to admit evidence regarding the victim's statement about the photographs. *See* TEX. R. EVID. 403 (court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…confusing the issues). The court sustained the State's objection and declared the evidence inadmissible.

On appeal, Appellant argues that trials involving sexual assaults frequently turn on the credibility of the complainant and thus, this evidence was particularly relevant as an indicator of the victim's credibility and the jury should have been allowed to hear it. Appellant does not argue that this evidence is relevant for any other purpose except the victim's credibility, i.e., his propensity to make false allegations of sexual assault. However, "[a] sexual assault complainant is not a volunteer for an exercise in character assassination." ***Hammer***, 296 S.W.3d at 564. Moreover, the excluded evidence does not address any bias, ill-feelings, or prejudice by the

---

[3] After jury selection, but prior to the start of evidence, Appellant notified the court that he would like to address the prior false allegation in his opening statement because it was permissible to show motive or bias. However, Appellant did not offer any explanation as to how this evidence established a motive or bias by the victim against Appellant to support this theory. Later, during trial and outside the presence of the jury, Appellant argued he would like to offer evidence of the prior false allegation because it went to the victim's credibility. Appellant offered no other reason for the evidence. On appeal, Appellant only argues that the prior false allegation should have been offered to attack the victim's credibility.

victim against Appellant.  *See id*. at 561; *see also* **Johnson**, 490 S.W.3d at 912.  Thus, the excluded evidence was not admissible at trial as it was a specific instance of conduct offered only for the purpose of attacking the witness's character for truthfulness.  *See* TEX. R. EVID. 608(b); *see also* **Hammer**, 296 S.W.3d at 564; **Smallwood v. State**, 471 S.W.3d 601, 611 (Tex. App.—Fort Worth 2015, pet. ref'd) (to the extent excluded testimony was intended as evidence of prior false accusations of sexual assault, such testimony was not admissible for the purpose of showing victim's character conformity or propensity to lie).  Accordingly, the trial court did not abuse its discretion by not allowing Appellant to elicit testimony regarding the previous allegation against the victim's foster mother.  *See* **Hammer**, 296 S.W.3d at 564; *see also* **Romero**, 800 S.W.2d at 543 (a ruling supported under any theory of law applicable to the case will be upheld).  Appellant's third issue is overruled.

### DENIAL OF CONTINUANCE

In Appellant's fourth issue, he contends the trial court abused its discretion by denying his motion for continuance.

**Analysis**

The granting or denying of a motion for continuance is within the sound discretion of the trial court.  **Renteria v. State,** 206 S.W.3d 689, 699 (Tex. Crim. App. 2006).  To establish reversible error on the denial of a pretrial motion for continuance, Appellant must show that the trial court erred in denying his motion for continuance and that, as a result, he suffered actual harm. **Gonzalez v. State**, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

Appellant argues that he needed a continuance because his expert had insufficient time to review certain "MHMR and CPS records" regarding the victim.  The record indicates that the case was originally indicted on December 15, 2015.[4]  On June 17, 2016, Appellant filed a written motion for continuance of the June 27 trial date alleging (1) a material witness was unavailable to testify, (2) Appellant had received new discovery materials he needed to review with his expert witness, (3) there was an outstanding discovery request from the victim's daycare, and (4) Appellant needed to obtain a psychiatric evaluation that was performed on the victim around the time of his outcry.  On June 24, a hearing was held on the continuance, and it was established

---

[4] The case was re-indicted on June 16, 2016 and the 2015 indictment was subsequently dismissed. Appellant's conviction is based upon the 2016 indictment.  Appellant does not argue that the re-indictment contributed to his filing of a motion for continuance.

that a week prior, defense counsel contacted the prosecutor about a reference to a psychiatric evaluation in some school records. After some discussion on the record, it was further established that, pursuant to Appellant's request for the aforementioned psychiatric evaluation, the prosecutor had produced all the records thought to exist. Defense counsel argued that his expert was unavailable to review the records, as he was presenting at a conference in San Antonio. The court orally denied the motion for continuance and instructed defense counsel to serve his expert with a subpoena to appear in court for the trial. The trial court also indicated an intent to allow the expert time to review the records after the State presented its case.

On the day of trial and before jury selection, defense counsel stated he needed a writ of attachment for a subpoena served on one of the victim's daycare providers. When neither the court nor defense counsel could locate the subpoena's return of service, the court indicated it would consider the request for writ at the appropriate time. Defense counsel also re-urged his motion for continuance on grounds that he had been able to determine where the victim's psychiatric evaluation was performed and had issued a subpoena for it, but needed more time for his expert to review it. The court again orally denied his continuance.

A jury was selected and the trial proceeded. Appellant did not call an expert witness in his defense, or request an attachment for any daycare records or for the expert witness. At the close of the State's case, Appellant presented a case-in-chief by calling the victim's mother. However, he did not request more time to allow his expert to review documents, even though the court had previously indicated it would allow extra time after the State rested.

On appeal, Appellant argues only that the denial of his motion for continuance prevented him from presenting "critical" evidence to controvert the victim's testimony and challenge his credibility. However, Appellant has not identified for this Court who the expert witness is, what his or her area of expertise is, what critical evidence he would have presented, or how that evidence or expert testimony would have affected the outcome of his trial. *See **Renteria***, 206 S.W.3d at 702; *see also **Heiselbetz v. State***, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) (bare assertion that counsel did not have adequate time to interview the State's potential witnesses does not alone establish prejudice); ***Prince v. State***, No. 01-13-00269-CR, 2015 WL 5025902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 25, 2015, no pet) (mem. op., not designated for publication) (appellant did not demonstrate harm when he argued he needed a continuance to further review recorded telephone conversations for impeachment purposes, but did not identify

nature of the impeachment evidence).  The law requires more than speculation to justify an appellate reversal of a case for a trial court's failure to grant a continuance.  *Renteria*, 206 S.W.3d at 702.  Accordingly, Appellant has not established with considerable specificity how he has been harmed as a result of the trial court's denial of his motion for continuance.  *See Humaran v. State*, 478 S.W.3d 887, 902 (Tex. App.—Houston [14th Dist.] 2015, pet ref'd); *see also Gonzalez*, 304 S.W.3d at 842.  Because Appellant failed to carry his burden of showing actual harm, we need not determine whether the trial court erred in denying the motion for continuance.  *See Gonzalez*, 304 S.W.3d at 843; *see also Renteria*, 206 S.W.3d at 702; *Humaran*, 478 S.W.3d at 902; TEX. R. APP. P. 47.2.  Appellant's fourth issue is overruled.

## DISPOSITION

Having overruled Appellant's issues one through four, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-16-00218-CR

**ANTHONY WAYNE JOHNSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the Criminal District Court 2

of Tarrant County, Texas (Tr.Ct.No. 1459735R)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*